### EDWARD H. GARCIN, RESPONDENT, v. SAMUEL M. ROBERTS, PROSECUTOR.

Argued November 5, 1902—Decided June 8, 1903.

1. An action brought before a justice of the peace under "An act to prevent willful trespassing upon lands" (*Gen. Stat., p.* 3682), proceeds according to the provisions of the "Act constituting courts for the trial of small causes" (*Gen. Stat., p.* 1870), and in such an action the defendant may plead title as provided in section 26 of the last-mentioned act.
2. The plea filed in this cause is not such as to oust the justice of his jurisdiction.

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutor, *Samuel M. Roberts, pro se.*

For the respondent, *Franklin C..Woolman.*

The opinion of the court was delivered by

GARRETSON, J.   The writ removes into this court a judgment rendered by a justice of the peace.

The plaintiff brought suit against the defendant under the provisions of an act entitled "An act to prevent willful trespassing upon lands," approved February 17th, 1857 (*Gen. Stat., p.* 3682), which are:   "If any person or persons shall unlawfully enter upon any lands not his own after having been forbidden so to do by the owner or legal possessor of such lands, he shall forfeit and pay for each offence to the owner of said lands, or his or her tenant in possession, the sum of three dollars, to be sued for and recovered, with costs, in an action of debt before any justice of the peace in the state."

The state of demand set out that the plaintiff was in possession of a certain messuage and lot of land in Burlington county, and that on May 5th, 1902, the defendant, with force and arms, after being forbidden by notices placed and exposed in prominent places on said premises, and by words personally spoken to him by said plaintiff and other members of his household, willfully and unlawfully entered upon the lands not his own, but in lawful possession and occupation of the plaintiff, being the premises above described, against the provisions of the above act, and demanded judgment for the sum of $3 and costs.

The defendant pleaded to this demand that the close in the state of demand mentioned at the time when, &c., was not the close, freehold or land of the said plaintiff, and that the said plaintiff is not and was not the owner or the tenant in posses-

sion thereof, and that the defendant entered upon and committed the said trespasses because he had a right and lawfully might do so.

The justice overruled this plea, and, after hearing, gave judgment for $3 debt, and $2.90 costs, and by this writ the defendant seeks to have this judgment reversed.

The defendant founds his right to file the plea of title and claims the jurisdiction of the justice was ousted by the twenty-fifth section of "An act constituting courts for the trial of small causes" (*Gen. Stat., p.* 1870), that when in any action brought by virtue of this act the defendant pleads title to any real estate in himself or another, under whom he acted, or entered and commits the plea to writing and observes certain other directions, the plaintiff may prosecute his suit in the Supreme Court.

While the Trespass act directly confers jurisdiction upon the justice, such jurisdiction, if not directly conferred, would have existed by the fifth section of the Small Cause act, which gives the justice jurisdiction of suits to recover every sum of money or penalty not exceeding $100, to be sued for and recovered by virtue of any law of this state, in any court of record or court having cognizance thereof, and in this latter case the entire conduct of the cause and all proceedings therein are regulated by the provisions of that act except so far as the proceedings are modified by the statute prescribing the penalty. *Pennsylvania Railroad Co.* v. *Society,* 10 *Vroom* 400. The Trespass act only provides for the recovery of $3 and costs; of course the costs recoverable must be the costs provided in the Small Cause act and the conclusion is irresistible that all the proceedings must be in accordance with that act.

The unlawful entering upon lands of another with or without being forbidden so to do by the owner or legal possessor of such lands gave a right of action to such owner without the Trespass act; in such case the owner or possessor would be entitled to recover at least nominal damages, but no more damages unless proved. The Trespass act does no more than fix the amount of damages for the simple act of entering;

therefore, the action is subject to the provisions of the Small Cause act in all respects, one of which is the right to plead title.

But the defendant has not brought himself within the provisions of this section. He does not by his plea allege title in himself or in any other person under whom he acted or entered, but simply says that he entered upon and committed the said trespasses because he had a right and lawfully might do so. Nor is he aided in this plea by the allegation that the close mentioned was not the close, freehold or land of the plaintiff, or that the plaintiff is not and was not the owner or tenant in possession thereof. Such an allegation is no part of such a plea. The plea must show that the defendant has some right to the possession of the premises. This plea does not show that.

The plaintiff's case is that he was in possession, not as owner, but as tenant; this the plea does not traverse. If the defendant's purpose is to contest the fact of the plaintiff's possession it is within the competence of the court in which the action is pending.

The judgment below will be affirmed, with costs.